In the Matter of Denis H. & Barbara LAMBILLOTTE, Debtors.

Denis H. LAMBILLOTTE, Plaintiff,

v.

CHARLOTTE COUNTY, et al., Defendants.

Bankruptcy No. 81–694.
Adv. No. 82–69.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Oct. 19, 1982.

---

Philip L. Burnett, Fort Myers, Fla., for plaintiff.

H. William Thompson, Port Charlotte, Fla., for defendants.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Bankruptcy Judge.

THIS CAUSE came on for hearing upon the Motions for Summary Judgment filed by each side in this adversary proceeding. Both parties assert that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law.

The facts germane to the resolution of this matter are without serious dispute and can be summarized as follows:

Prior to the time of filing his petition for relief, Denis H. Lambillotte (the Debtor) was a building contractor and one of the principals of Coastal Pointe Enterprises, Inc., a construction corporation. In late 1979 or early 1980, the corporation and the Debtor began to encounter financial difficulties. In February of 1981, the Debtor applied to the Charlotte County Building Board for renewal of his Charlotte County Certificate of Competency as a residential building contractor. The Certificate of Competency is required by § 10 of local ordinances of Charlotte County in order for any person, firm or corporation to engage in the business of building contractor. The Building Board denied the Debtor's request, whereupon the Debtor appealed the decision to the Charlotte County Board of County Commissioners. On April 24, 1981, prior to the hearing on the Debtor's appeal, he and Barbara Lambillotte, his wife, filed a Petition for Relief under Chapter 7 of the Bankruptcy Code. A de novo hearing on the matter was held by the Board of County Commissioners on May 12, 1981 and the Board denied the Debtor's request for a renewed Certificate of Competency.

Subsequently, the Debtor instituted this adversary proceeding against Charlotte County, the Board of County Commissioners and each of its members, the Building Board and each of its members, and the Charlotte County Building Director. He alleges that the Defendants denied the renewal of his Certificate of Competency because (1) he failed to satisfy certain debts of Coastal Pointe Enterprises, Inc. and (2) because he chose to avail himself of the rights and remedies afforded to him by the federal bankruptcy laws. As such, the Defendants unlawfully discriminated against him in violation of § 525 of the Bankruptcy Code.

Section 525 of the Code provides that a governmental unit may not deny, revoke, or refuse to renew a license, permit or other similar grant to, or discriminate with respect to such a grant against a debtor solely because he sought relief under the bankruptcy laws. The Section further prohibits discrimination against a debtor solely because he was insolvent prior to commencing a case under the bankruptcy laws or during the pendency of the case or because the debtor has not paid a debt that is dischargeable under the bankruptcy laws. The legislative history indicates that this Section was designed to provide additional debtor protection. It prohibits actions by governmental or quasi-governmental organizations which can deleteriously affect or frustrate the debtor's fresh start. H.R.Rep.No. 95–595, 95th Cong., 1st Sess. 366–67 (1977); S.Rep.No. 95–989, 95th Cong., 2d Sess. 81 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787.

█ Attached to the Defendants' Motion for Summary Judgment is a transcript of the hearing on the Debtor's Application held before the Board of County Commissioners. It is fairly evident that the Commissioners chose to deny the Debtor a Certificate of Competency on the grounds of what they considered to be a lack of financial responsibility. The legislative history states that the Statute does not prohibit

consideration of other factors by a licensing agency, such as future financial responsibility or ability. However, a complete reading of the transcript leaves no doubt that the County Commissioners were primarily concerned with the status of the Debtor's prior obligations. The discussion at the hearing for the most part centered on the amount of previous debts, how much had been paid by the Debtor, how he was going to repay the remaining debts, and the fact that he had not formally reaffirmed the debts or executed a note of some kind. Yet, the debts in question were either liabilities of Coastal Pointe Enterprises, Inc., which the Debtor voluntarily assumed, and/or debts which were dischargeable and which were, in fact, discharged on June 11, 1982. Clearly, the determination of the County Commissioners that the Debtor was not financially responsible was based on his previous insolvency, and his inability to pay prior debts. As such, it resulted in an unlawful discrimination in violation of § 525 when they declined to issue a Certificate of Competency to him.

In light of the foregoing, it is apparent that there are no genuine issues of material fact and the Debtor is entitled to judgment as a matter of law.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by the Defendants be, and the same hereby is, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by the Debtor be, and the same hereby is, granted and judgment is hereby entered in favor of the Debtor and against the Defendants. It is further

ORDERED, ADJUDGED AND DECREED that the Defendants be, and the same hereby are, directed to issue a Certificate of Competency as a residential contractor to the Debtor, Denis H. Lambillotte.